## Disclosure of Information by Department of Banking.

SAYLOR, Deputy Attorney General, June 10, 1931.—You have requested an opinion on your right to give to the Department of Revenue, to assist it in collecting taxes due the state, information in your possession secured as a result of the examination of institutions under your supervision or appearing in reports of such institutions filed with you.

Section 501 of The Administrative Code of 1929 reads as follows:

"The several administrative departments, and the several independent administrative and departmental administrative boards and commissions, shall devise a practical and working basis for coöperation and coördination of work, eliminating, duplicating, and overlapping of functions, and shall, so far as practical, coöperate with each other in the use of employes, land, buildings, quarters, facilities, and equipment. . . ."

Section 502 of the same act further provides:

"Whenever, in this act, power is vested in a department, board, or commission, to inspect, examine, secure data or information, or to procure assistance, from any other department, board, or commission, a duty is hereby imposed upon the department, board, or commission, upon which demand is made, to render such power effective."

These sections of The Administrative Code evidence the desire of the legislature to secure full and complete coöperation between, and coördination of the work of, the several administrative departments. Therefore, your department should assist the Department of Revenue and any other department, board or commission of the administrative branch of the government wherever possible.

However, the question arises whether you may properly divulge, even to another department, information which you have in your possession, in view of the following provision of section twelve of the Act of June 15, 1923, P. L. 809, as amended by the Act of May 5, 1927, P. L. 762:

"Neither the secretary nor any deputy, examiner, or employe of the department, shall, directly or indirectly, wilfully exhibit, publish, divulge, or make known, to any person or persons, any record, report, statement, letter, or other matter, fact, or thing, contained in said department, or ascertained from any of the same, or from any examination made under the provisions of this act, excepting in such manner as is expressly authorized by this act, and excepting when the production of such information in a proceeding in any court is duly required by subpœna issued by special order of the court, or other legal process, and excepting also in the case of prosecutions or other court actions instituted by the department; . . ."

For violation of this provision penalties are provided.

It is obvious that the purpose of this legislation is to prevent improper disclosure, to the public and to parties not entitled thereto, of confidential information. In our opinion, the act was not intended to prohibit giving such information to an administrative department, board, or commission of the Commonwealth, where the information is essential to the proper and legal functioning of such agency; and in any event, The Administrative Code of 1929 is a later enactment.

The Department of Revenue is responsible for the assessment and collection of taxes due by certain institutions doing business in the Commonwealth, some of which are under your supervision. Section 1601 of The Fiscal Code of 1929 provides as follows:

"The Secretary of Revenue and the Auditor General, severally, and any agent appointed by either of them, is hereby authorized to examine the books and papers of any corporation, association, or individual, made taxable for State purposes by any act of Assembly, to verify the accuracy of any return or report made under the provisions of this act or any other act requiring the filing of such return or report."

The Secretary of Revenue, acting personally or through an agent, has the right to examine copies of reports of any institution filed with you as Secretary of Banking. As he may demand from the institution itself any data you may have regarding it, by permitting the Secretary of Revenue to have access to the information in your possession, you are not disclosing anything which is confidential as far as he is concerned.

Therefore, you are advised that it is lawful for you to disclose to the Secretary of Revenue, or his duly authorized agent, such information in your possession respecting any institution as is necessary to assist him in the performance of his official duties.

From C. P. Addams, Harrisburg, Pa.